**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>                Plaintiff,<br>    v.<br><br>BRUCE R. BERKOWITZ, and<br>FAIRHOLME CAPITAL MANAGEMENT, L.L.C.,<br><br>                Defendants,<br><br>                and<br><br>SEARS HOLDINGS CORP.,<br><br>                Nominal Defendant. | No. _____17-cv-821_____<br>(ECF Case)<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78P(B)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorney, as and for his complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

**NATURE OF ACTION**

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

3. Defendants Bruce R. Berkowitz, and Fairholme Capital Management, L.L.C. ("Fairholme"), an entity managed, owned, and controlled by Berkowitz, are insiders of Nominal Defendant Sears Holdings Corp. ("Sears" or the "Company"), and profited from purchases and sales of Sears securities that occurred within a period of less than six months. As a result, Berkowitz and Fairholme must return the profits they realized from these transactions to Sears.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. Nominal Defendant Sears is the parent company and owner of several retail brands and stores, including Kmart, with locations within this District, and otherwise does extensive business within the District. The common stock of Sears is traded over-the-counter on the NASDAQ through market-makers within this District. Defendants Berkowitz and Fairholme are investment advisors that conduct extensive business, chiefly involving the trading of securities, including Sears securities, on exchanges within this District. Some or all of the transactions giving rise to liability as described herein occurred or were facilitated within this District.

## THE PARTIES

6. Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of Sears.

7. Nominal Defendant Sears is a Delaware corporation, with principal offices at 3333 Beverly Road, Hoffman Estates, Illinois 60179. This action is brought in the right and for the benefit of Sears, which is named as Nominal Defendant solely in order to have all necessary parties before the Court.

8. Defendant Bruce R. Berkowitz is the founder and Chief Investment Officer, and controls the sole member, of Defendant Fairholme. Defendant Fairholme is an investment adviser, and serves as the investment manager for various "managed accounts." Upon information and belief, Defendant Berkowitz is a resident of Florida. Both Defendants have main offices, or are otherwise found, at 4400 Biscayne Boulevard, 9th Floor, Miami, Florida 33137.

**STATUTORY REQUISITES**

9. At all relevant times, the common stock of Sears was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*.

10. At all relevant times, both Defendants were members of a "group" that collectively beneficially owned more than 10% of Sears common stock within the meaning of Sections 13 and 16 of the Act, and each Defendant and managed account was thus an "insider" subject to Section 16(b) of the Act.

11. Demand for prosecution was made on September 29, 2016. Plaintiff was subsequently informed by counsel for Fairholme that Defendants deny any liability under Section 16(b). As of the date of this Complaint, Defendants have not disgorged short swing profits to the Company arising from the trades identified in Plaintiff's demand letter or further identified herein. Further delay in filing suit would be futile, and could prejudice the Company's right to recover the short swing profits owed by Defendants as a result of the Section 16(b) violations alleged.

12. This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when reports disclosing the violations were first filed with the SEC.

**BACKGROUND**

13. On or about September 18, 2014, Defendants jointly (together with Fairholme Funds, Inc., which is also under common control with Defendants) filed a Schedule 13D with the SEC, in which they disclosed their aggregate beneficial ownership of approximately 24% of the outstanding shares of Sears. The Schedule 13D stated:

> "[Berkowitz and Fairholme] reserve the right to be in contact with members of [Sears'] management [and] Board of Directors, other significant shareholders and others regarding alternatives that [Sears] could employ to increase shareholder value. The contact may include proposing or considering any of the actions enumerated in Item 4 of the instructions to Schedule 13D" (i.e., actions having a "change of control" purpose or effect with respect to the Company).

14. Among the shares included in the beneficial ownership reported by Defendants on the Schedule 13D referenced in Paragraph 13 above were shares of Sears owned by and held in certain "accounts advised by Fairholme" and over which one or both of the Defendants shared voting and investment control with the "managed account" owners.

15. As a result of the "change of control" actions contemplated by Defendants, as disclosed in the Schedule 13D referenced in Paragraph 13 above, Defendants became ineligible, at least as of the September 18, 2014 date on which their "change of control" intentions were reportedly adopted, to claim any exemption from the Section 16 reporting and disgorgement obligations that may previously have been available to them as "investment advisors" to the managed accounts under SEC Rule 16a-1(a)(1)(v).

16. (At least) as of the September 18, 2014 date of Defendants' disclosed and anticipated "change of control" actions, the owners of the "managed accounts" sharing investment and voting authority over their respective Sears shares with Defendants, understood and agreed to authorize Defendants to take the contemplated "change or control actions" for the purpose of "increasing" the "value" of their Sears holdings.

17. As a result of the disclosure and resultant understanding (whether express or implied) by the "managed accounts" with respect to Defendants' anticipated "change of control" actions, and the shared voting and investment authority shared with Defendants over their respective Sears shares (as further described in Paragraphs 14 and 16 above), each of the "managed accounts" formed a Section 13(d) group with Defendants, and became subject to Section 16 as "insiders" in their own right.

18. Given Defendants' ineligibility for the "investment advisor" or other SEC Rule 16a-1(a)(1) "beneficial ownership" exemption as a result of their anticipated "change of control" actions, each of the "managed accounts," as "group" members and Section 16 "insiders," likewise became ineligible to claim any such "beneficial ownership" and Section 16 exemption, pursuant to SEC Rule 16a-1(a)(1)(xi).

19. The "change of control" actions anticipated and contemplated by Defendants in Item 4 of their September 18, 2014 Schedule 13D disclosure (see above Paragraph 13) culminated in Defendant Berkowitz's appointment to the Sears Board of Directors on or about February 24, 2016. Berkowitz remains on the Sears Board as of the time of filing of this Complaint.

20. Between September 18, 2014, and on an ongoing basis through the date of this Complaint, Defendants, including through various "managed accounts" advised or managed by one or both of them, engaged in purchases and sales of Sears common stock or other Sears securities, during periods of less than six months, which resulted in their realization of profits under Section 16(b).

## COUNT I

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

21.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 20, above.

22.     Short swing profits recoverable by the Company, which must be disgorged by Defendants (including on behalf of the "managed accounts") are calculated using the "lowest in, highest out" method prescribed under Section 16(b), by matching purchases (or deemed purchases) of Sears securities by any "managed account" against sales (or deemed sales) of Sears securities by the same "managed account," within a six-month period.

23.     Under Section 16, Defendants must disgorge, on behalf of all the "managed accounts," the sum total of the short swing profits calculated for (and allocated to) each such "managed account." Each such "managed account" has an independent obligation to disgorge its individual short swing profits without duplicating the Defendants' disgorgement (including any disgorgement of their "pecuniary interests" in transactions across "managed accounts," which is separately recoverable as alleged in Paragraph 24 below).

24.     In addition to Defendants' liability for short swing profits realized by each of the "managed accounts" (as described in Paragraphs 22-23 above), each of the Defendants may also be held separately liable under Section 16(b) to the extent of their respective "pecuniary interests," calculated pursuant to applicable SEC Rules, in the short swing profits realized from (deemed or actual) purchases and sales of Sears securities by any (and across all) of the "managed accounts." Each Defendant has an independent obligation to disgorge their individual short swing profits, without duplication of any disgorgement by the "managed accounts" for profits realized as a result of the same transactions.

25. Profits are recoverable from Defendants under Section 16(b) to the extent the last transaction in any pair of "matched" transactions occurred within two years prior to the date of filing of this Complaint.

26. Because Defendants' SEC filings do not specify whether "managed account" transactions disclosed were executed by one or more of the same "managed accounts," and do not indicate the extent of either Defendant's pecuniary interest in any of the "managed accounts," total short swing profits realized by the Defendants and the "managed accounts" cannot be precisely calculated at this time, but are estimated to exceed $350,000.

## COUNT II

27. Count II is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

28. Defendants, acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of the Company within periods of less than six months of each other while insiders of the Company, including but not limited to the transactions pleaded in COUNT I.

29. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of the Company, Defendants realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) requiring Defendants to account for and pay to the Company the short swing profits recoverable from him under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: February 2, 2017

*s/ Miriam Tauber*
_____
Miriam Tauber (MT-1979)
885 Park Avenue 2A
New York, NY 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiff Aaron Rubenstein*