UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON RUBENSTEIN,

                  Plaintiff,

          v.

BRUCE R. BERKOWITZ, and FAIRHOLME
CAPITAL MANAGEMENT, LLC, and JOHN
DOES 1 THROUGH 13,

                  Defendants,

                  and

SEARS HOLDINGS CORP.,

                  Nominal Defendant.

No. 17-cv-821 (JPO)

# DEFENDANTS FAIRHOLME CAPITAL MANAGEMENT, L.L.C. AND BRUCE R. BERKOWITZ'S MEMORANUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

Page

Preliminary Statement ............................................................................................................. 1

Facts and Procedural Background ........................................................................................... 3

Standard On Rule 12(c) Motion ............................................................................................... 4

Argument .................................................................................................................................. 6

I.   RES JUDICATA APPLIES TO BAR PLAINTIFF'S CLAIMS AGAINST THE FAIRHOLME DEFENDANTS AS PLAINTIFF HAS IMPERMISSABLY REPLEADED CLAIMS ALREADY DISMISSED ON THE MERITS .......................... 6

II.  PLAINTIFF DOES NOT AND CANNOT SUFFICIENTLY PLEAD A PECUNIARY INTEREST BY THE FAIRHOLME DEFENDANTS IN THE SUBJECT SECURITIES ................................................................................................ 9

   A.   Plaintiff's Pleading In Respect Of The Fairholme Defendants' Pecuniary Interest In The Subject Securities Is Facially Inadequate ...................................... 9

   B.   The IMAs Controvert Plaintiff's Pecuniary Interest Allegation .......................... 10

III. DEFENDANTS DO NOT HAVE A PECUNIARY INTEREST IN THE SUBJECT SECURITIES AS A MATTER OF LAW ..................................................... 11

IV.  PLAINTIFF'S CLAIMS ARE TIME-BARRED TO THE EXTENT HE SEEKS DISGORGMENT OF PROFITS REALIZED MORE THAN TWO YEARS AGO ...... 12

Conclusion .............................................................................................................................. 13

## CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................................. 5, 10
*Atlas Partners, LLC v. STMicroelectronics, Int'l N.V.,*
    No. 14-cv-7134, 2015 U.S. Dist. LEXIS 105597 (S.D.N.Y. Aug. 10, 2015) .......... 11
*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................................................. 5, 10
*Bull & Bear U.S. Gov't Secs. Fund, Inc. v. Karpus Mgmt. Inc.,*
    No. 98-cv-1190, 1998 U.S. Dist. LEXIS 10282 (S.D.N.Y. July 13, 1998) .............. 12
*Carter v. Norfolk Cmty. Hosp. Ass'n,*
    761 F.2d 970 (4th Cir. 1985) ........................................................................................ 8
*Chechele v. Scheetz,*
    819 F. Supp. 2d 342 (S.D.N.Y. 2011) ........................................................................ 10
*Confederate Mem. Ass'n, Inc. v. Hines,*
    995 F.2d 295 (D.C. Cir. 1993) ...................................................................................... 7
*Cortec Indus., Inc. v. Sum Holding L.P.,*
    949 F.2d 42, 47 (2d Cir. 1991) ................................................................................... 11
*Credit Chequers Info. Servs. Inc., v. CBA, Inc.,*
    No. 99-7600, 2000 U.S. App. LEXIS 996 (2d Cir. Jan. 26, 2000) ............................ 7
*Credit Suisse Sec. (USA) LLC v. Simmonds,*
    566 U.S. 221 (2012) .................................................................................................... 13
*Cybercreek Entm't, LLC v. U.S. Underwriters Ins. Co.,*
    696 Fed. Appx. 554 (2d Cir. 2017) ............................................................................. 8
*Evans v. Pearson Enters., Inc.,*
    434 F.3d 839 (6th Cir. 2006) ........................................................................................ 7
*Federated Dep't Stores, Inc. v. Moitie,*
    452 U.S. 394 (1981) ....................................................................................................... 8
*GE Investors, Ret. Plan v. Gen. Elec. Co.,*
    447 Fed. App'x 229 (2d Cir. 2011) ........................................................................ 5, 10
*Horoshko v. Citibank, N.A.,*
    373 F.3d 248 (2d Cir. 2004) ......................................................................................... 8
*In re GM LLC Ignition Switch Litig.,*
    257 F. Supp. 3d 372 (S.D.N.Y. 2017) ......................................................................... 8
*In re Tamoxifen Citrate Antitrust Litig.,*
    466 F.3d 187 (2d Cir. 2006) ......................................................................................... 8
*L-7 Designs, Inc. v. Old Navy, LLC,*
    647 F.3d 419 (2d Cir. 2011) ......................................................................................... 5
*Mercer v. Gupta,*
    712 F.3d 756 (2d Cir. 2013) ......................................................................................... 9
*Roberts v. Babkiewicz,*
    582 F.3d 418 (2d Cir. 2009) ......................................................................................... 6
*Sira v. Morton,*
    380 F.3d 57 (2d Cir. 2004) ........................................................................................... 6
*Starr v. Sony BMG Music Entm't,*
    592 F.3d 314 (2d Cir. 2010) ....................................................................................... 10

*Stephens v. Trump Org. LLC,*
   205 F. Supp. 3d 305 (E.D.N.Y. 2016) ............................................................................... 7
*Stern v. Gen. Elec. Co.,*
   924 F.2d 472 (2d Cir. 1991) .............................................................................................. 8
*Strauss v. Kopp Inv. Advisors, Inc.,*
   No. 98-cv-7493, 1999 U.S. Dist. LEXIS 15591 (S.D.N.Y. Sept. 30, 1999) .................... 12
*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.,*
   360 F.3d 220 (1st Cir. 2004) ............................................................................................. 9
*Zurich Ins. Co. v. Crowley Latin Am. Servs., LLC,*
   No. 16-cv-1861, 2016 U.S. Dist. LEXIS 175872 (S.D.N.Y. Dec. 20, 2016) .................... 6

## STATUTORY AUTHORITIES

15 U.S.C. § 78p(b) ................................................................................................................... 13
Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 et. seq .............................................. 3, 4

## RULES AND REGULATIONS

17 C.F.R. 240.16a-1(a) .............................................................................................................. 6
17 C.F.R. 240.16a-1(a)(1) .................................................................................................... 4, 11
17 C.F.R. 240.16a-1(a)(2)(ii)(C) ......................................................................................... 3, 12
Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 2, 8, 10
Fed. R. Civ. P. 12(c) ............................................................................................................. 1, 5
Fed. R. Civ. P. 15(a)(1)(B) ....................................................................................................... 7
Fed. R. Civ. Proc. 12(c) ............................................................................................................ 5

Defendants Bruce R. Berkowitz ("Berkowitz") and Fairholme Capital Management, L.L.C. ("Fairholme") (collectively, the "Fairholme Defendants") respectfully submit this Memorandum in Support of their Motion for Judgment on the Pleadings Dismissing the First Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## Preliminary Statement

This is Plaintiff's second bite at the apple in trying to construct a claim under Section 16(b) of the Securities Exchange Act of 1934. His second attempt also fails. By Opinion and Order filed December 11, 2017 (ECF No. 25) ("Dismissal Order"), the Court granted the Fairholme Defendants' Motion to Dismiss the original complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). In the Dismissal Order, the Court: (1) held that the Complaint failed to state a claim against the Fairholme Defendants because it did not allege that they received any pecuniary interest in the securities subject to the litigation; (2) held that the Complaint failed to state a claim against the Fairholme Defendants because they cannot be liable for the pecuniary interest of managed accounts; and (3) granted Plaintiff leave to amend the Complaint to add managed accounts as defendants.

Plaintiff filed the First Amended Complaint ("Amended Complaint" or "FAC") (ECF No. 26) on December 20, 2017. Plaintiff seeks recovery of $364,523.00 from the Fairholme Defendants and 13 John Doe defendants (collectively, "Defendants"), which allegedly constitutes "disgorgement" of profits as a result of purchases and sales of shares of Sears Holding Corp. ("Sears") securities during six-month periods (the "Subject Securities") while Defendants allegedly were "insiders" of Sears under Section 16(b) of the Securities Exchange Act of 1934. He alleges that: (1) the John Doe defendants (13 managed accounts advised by Fairholme) engaged in purchases and sales of Sears securities while members of a "group"

organized by Berkowitz and Fairholme resulting in short-swing profits, *see* FAC at ¶ 36, and (2) that the Fairholme Defendants had a pecuniary interest in such trades. *See id.* at ¶ 50.

The Amended Complaint is doomed, just as was its predecessor. First, the Amended Complaint should be dismissed on the grounds of res judicata to the extent it exceeds the parameters of the Dismissal Order by repleading claims already dismissed against the Fairholme Defendants. The Court's Dismissal Order was a judgment on the merits and granted leave to replead to "add the managed-accounts as defendants." Dismissal Order at 9. Ignoring this limited allowance, Plaintiff has improperly maintained the Fairholme Defendants as defendants and now alleges – irresponsibly and without any good faith basis – that: "Berkowitz and Fairholme, or either of them, benefitted from the foregoing trades through a performance based fee arrangement sufficient to qualify as a pecuniary interest in such trades." FAC at ¶ 50. The Fairholme Defendants submit that such an amendment is not permitted by the Dismissal Order.

Second, even if such an amendment were permissible, the Amended Complaint fails, once again, to plausibly allege any pecuniary interest by the Fairholme Defendants in Subject Securities. Indeed, Plaintiff's only effort to cure the inadequacy of his prior pleading with respect to this critical element is the addition of the single, threadbare, unsupported, and conclusory assertion that the Fairholme Defendants entered into a "performance based fee arrangement sufficient to qualify as a pecuniary interest" in the Subject Securities. *Id.* at ¶ 50. This conclusory statement of an "arrangement" between the Defendants is insufficient to plead a claim and was interposed solely in a futile effort to draft around the Dismissal Order.

Moreover, even if the Amended Complaint facially alleges a pecuniary interest (and it does not), the Court should disregard Plaintiff's isolated assertion of a "performance based fee arrangement" in light of the Investment Management Agreements ("IMAs") between

2

the John Doe defendants and Fairholme, attached to the Answer as Exhibits A - M, which incontrovertibly contradict such assertion and which were previously provided to Plaintiff.

The IMAs between Fairholme and its managed accounts prove that Fairholme earns only "asset-based fees" with respect to these accounts – not incentive fees – and the relevant regulations instruct that Defendants do not have any pecuniary interest in the Subject Securities as a matter of law. *See* 17 C.F.R. 240.16a-1(a)(2)(ii)(C).

Finally, Plaintiff's claims are time-barred to the extent he seeks disgorgement for profits realized more than two years from the filing of the Complaint.

### Facts and Procedural Background

Fairholme is an investment adviser registered with the Securities and Exchange Commission ("SEC") under the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et. seq.*, and Berkowitz is its founder and Chief Investment Officer.

Fairholme provides investment management services via a pooled investment fund, registered investment companies, and separately "managed accounts" that are not pooled with other fund clients. The John Doe defendants are 13 of these separately managed accounts. Fairholme has entered into IMAs with each of the managed accounts, including the John Doe defendants, which govern the relationship between the account owner and Fairholme. The IMAs set forth the legal terms under which Fairholme is authorized to act to manage the assets in the managed accounts. Fairholme generally makes investment-related decisions regarding securities to be held in these managed accounts. Nevertheless, when a client decides to terminate its IMA, or otherwise directs sales, the ensuing sale of the securities in that account are the result of an investment decision made by the client, not Fairholme.[1]

---

[1] In this way, the managed accounts do not operate as a group for Section 16(b) purposes. *See* 17 C.F.R. 240.16a-1(a)(1). Indeed, each managed account has a separate agreement and is separately

3

The fee provisions of the IMAs for the John Doe defendants' accounts are attached as Exhibit A to the Fairholme Defendants' Answer. The IMAs are standard across all the John Doe defendants in respect of their material terms. *See* Answer Exs. A - M. Fairholme is paid for its services *only* through a management fee calculated based on total assets under management. *Id.* at Section 6. Specifically, Section 6 of the IMAs addresses the management fee Fairholme is entitled to and states: "[T]he client will pay to Fairholme the quarterly management fee…set forth in Schedule C based on the total gross value…of all securities and other assets in the Account." *Id.*

On February 2, 2017, Plaintiff filed the initial Complaint in this action against the Fairholme Defendants seeking disgorgement in excess of $350,000, which allegedly constituted profits resulting from purchases and sales of shares of Sears securities by the managed accounts during the period September 18, 2014 to February 2, 2017. *See* Complaint (ECF No. 1).

On December 11, 2017, the Court granted the Fairholme Defendants' motion to dismiss the Complaint, holding that the Complaint "fail[ed] to state a claim against Berkowitz and Fairholme" because it did "not plausibly allege pecuniary benefit to [the Fairholme] Defendants in their personal capacities." Dismissal Order at 8, 9. The Court also granted Plaintiff's request to amend the Complaint "to add the managed-account clients as defendants," warning that "any amended Complaint must plausibly allege, in sufficient detail, that … each defendant had a pecuniary interest in those short-swing trades." *Id.* at 9-10.

## Standard On Rule 12(c) Motion

Pursuant to Federal Rule of Civil Procedure 12(c), a party may make a motion for judgment on the pleadings after pleadings are closed based on the plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(c). The standard of review for a

---

managed, and termination of an account occurs independently of, and does not trigger the termination of, any other account.

4

12(c) motion is the same as that of a motion under Rule 12(b)(6). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

Under this standard, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard ... asks for more than a sheer possibility that a defendant" is liable. *Id.* "Plausibility ... depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc.*, 647 F.3d at 430 (citing *Iqbal*, 129 S. Ct. at 1947-52).

While a complaint's allegations are assumed to be true, this tenet is "inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678, and "'naked assertion[s]' devoid of 'further factual enhancement.'" *GE Investors, Ret. Plan v. Gen. Elec. Co.*, 447 Fed. App'x 229, 230 (2d Cir. 2011) (internal citations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc.*, 647 F.3d at 422 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)); *see also Zurich Ins. Co. v. Crowley Latin Am.*

5

*Servs., LLC*, No. 16-cv-1861, 2016 U.S. Dist. LEXIS 175872, *5 (S.D.N.Y. Dec. 20, 2016) (J. Oetken). "'A Complaint is [also] deemed to include ... documents that, although not incorporated by reference, are "integral" to the complaint.'" *L-7 Designs, Inc.*, 647 F.3d at 422 (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). A court need not accept an allegation in a complaint as true where the allegation is "contradicted by more specific allegations or documentary evidence." *Id.*

Simply put, Plaintiff's bare (and false and irresponsible) allegation that the Fairholme Defendants had a performance based fee arrangement (FAC at ¶ 50) that removes them from the protections of 17 C.F.R. 240.16a-1(a) does not make it so, and no feat of legal craftsmanship can get around that.

### Argument

I. **RES JUDICATA APPLIES TO BAR PLAINTIFF'S CLAIMS AGAINST THE FAIRHOLME DEFENDANTS AS PLAINTIFF HAS IMPERMISSABLY REPLEADED CLAIMS ALREADY DISMISSED ON THE MERITS**

The Dismissal Order limited the scope of any amendment to Plaintiff's request for leave to amend in his Opposition to the Motion to Dismiss – namely, to add the managed account clients as defendants. *See* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("Pl. Br.") at 14 (ECF No. 21); Dismissal Order at 9 ("[Plaintiff] seeks to add the managed-account clients as defendants. That request is granted...."). The Court's Individual Practices in Civil Cases instruct:

> If a motion to dismiss is filed, the plaintiff has the right to amend
> its pleading within 21 days pursuant to Fed. R. Civ. P. 15(a)(1)(B).
> *If the plaintiff elects not to amend its pleading, no further
> opportunity to amend will ordinarily be granted* and the motion to
> dismiss will proceed in the normal course.

Individual Practices at 3(E)(ii) (emphasis added). Plaintiff had three weeks from when the Fairholme Defendants filed their motion to dismiss (which put him on notice of the deficiencies

6

in his Complaint) to amend his Complaint against the Fairholme Defendants as a matter of right. Despite the Court's Individual Practices, he chose not to. Thereafter, Plaintiff did not request leave to amend the Complaint against the Fairholme Defendants, *see* Pl. Br. at 14, nor did the Dismissal Order grant him such leave *sua sponte*.

Indeed, although leave to amend is to be freely given when justice so requires, a plaintiff must ordinarily make a specific request for leave to amend. *See Credit Chequers Info. Servs. Inc., v. CBA, Inc.*, No. 99-7600, 2000 U.S. App. LEXIS 996, *2-3 (2d Cir. Jan. 26, 2000) (holding that where a party gives no indication of what amendment is proposed, they fail to meet their burden of setting forth with particularity the grounds for supporting their motion for leave to amend) (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1485, at 602-03 (2d ed. 1990) ("A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application.")); *Stephens v. Trump Org. LLC*, 205 F. Supp. 3d 305, 313 (E.D.N.Y. 2016) ("[T]he letter and spirit of Rule 7(b) ... require [that a plaintiff] identify the factual allegations he intends to plead that would entitle him to relief permitting amendment."); *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (quoting *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) ("'We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss -- without any indication of the particular grounds on which amendment is sought . . . -- does not constitute a motion within the contemplation of Rule 15(a).'")).

Because Plaintiff did not request leave to amend as to the Fairholme Defendants he was not entitled to such leave. *See Cybercreek Entm't, LLC v. U.S. Underwriters Ins. Co.*, 696 Fed. Appx. 554, 555 (2d Cir. 2017) ("[F]ailure to request leave to amend alone supports the District Court's dismissal with prejudice"); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d

7

Cir. 2004) ("[Plaintiffs'] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous."); *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

Moreover, the Dismissal Order – which held that Plaintiff's "Complaint fail[ed] to state a claim against Berkowitz and Fairholme in their personal capacities," Dismissal Order at 9, and did not grant leave to replead as to the Fairholme Defendants – was a judgment on the merits precluding the present action against the same defendants on the same claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991) ("Because the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended."); *In re GM LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 396 (S.D.N.Y. 2017) ("In its motion to dismiss … [Defendant] certainly asked that Plaintiffs' … claims be dismissed with prejudice … [a]nd while the Court was silent on the issue in its Opinion … the law deems such silence to mean dismissal with prejudice."); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice."). As such, the Court should dismiss Plaintiff's Amended Complaint as against the Fairholme Defendants.

8

## II. PLAINTIFF DOES NOT AND CANNOT SUFFICIENTLY PLEAD A PECUNIARY INTEREST BY THE FAIRHOLME DEFENDANTS IN THE SUBJECT SECURITIES

Under Section 16(b), an "insider" who profits through the purchase and sale of securities within a six-month window must disgorge those "short-swing" profits back to the company. Nevertheless, an "insider" is only liable to the extent of their own "pecuniary interest" in such short-swing trades. *See e.g., Mercer v. Gupta*, 712 F.3d 756, 757 (2d Cir. 2013) ("Section 16(b) requires an insider to disgorge any profit realized by *him* from short-swing transactions.") (emphasis original) (internal citations and quotations omitted); Ownership Reports and Trading, Exchange Act Release No. 28869, Investment Company Act Release No. 17991, 1991 SEC LEXIS 171, *14 (Feb. 8, 1991) ("[T]he...short-swing profit provisions of Section 16 apply only to those securities in which the insider has a pecuniary interest."). As such, Plaintiff must "*plausibly allege* pecuniary benefit to Defendants in their personal capacities" and must do so "in sufficient detail." Dismissal Order at 8 (emphasis added). "[C]onclusory allegations restating the elements of Section 16 liability" are insufficient to meet this burden. Dismissal Order at 8; *see e.g., Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Plaintiff does not meet this standard.

### A. Plaintiff's Pleading In Respect Of The Fairholme Defendants' Pecuniary Interest In The Subject Securities Is Facially Inadequate

Once again, Plaintiff insufficiently pleads a pecuniary interest by the Fairholme Defendants in the Subject Securities. Plaintiff's new pleading in respect of the Fairholme Defendants' pecuniary interest consists of a single boilerplate assertion that they "benefited from a performance based fee arrangement sufficient to qualify as a pecuniary interest in such trades." FAC at ¶ 50. Because this purported "fee arrangement" is central to his claim, he must plead enough factual matter to suggest that such a "fee arrangement" was in fact made. *See Chechele*

9

*v. Scheetz*, 819 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2011) (dismissing 16(b) claim because plaintiff alleged an agreement to form a group without pleading sufficient factual enhancement as to the alleged agreement); *Starr v. Sony BMG Music Entm't,* 592 F.3d 314, 319 n.2 (2d Cir. 2010) ("The allegation that defendants agreed . . . is obviously conclusory, and is not accepted as true."). Plaintiff does not (and cannot) provide any factual enhancement, as he must, to support the purported "arrangement." FAC at ¶ 50.

Indeed, paragraph 50 stands alone as a "'naked assertion['] devoid of 'further factual enhancement,'" *GE Investors, Ret. Plan*, 447 Fed. App'x at 230 (internal citation omitted), and is therefore insufficient to withstand Rule 12(b)(6) analysis, which requires the Court to accept only well-pleaded factual allegations. In fact, by including the caveat that "Berkowitz and Fairholme, *or either of them*," had a pecuniary interest in the Subject Securities, Plaintiff all but concedes the speculative nature of the purported "fee arrangement." He therefore fails to "nudge[] [his] claims across the line from conceivable to plausible, [and his] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 ("The plausibility standard ... asks for more than a sheer possibility.").

### B.   The IMAs Controvert Plaintiff's Pecuniary Interest Allegation

Even if Plaintiff's assertion of a "fee arrangement" is sufficient on its face to state a claim (and it is not), the Court should not accept it as true. Although a court must ordinarily accept an allegation in a complaint to be true, it need not do so where, as here, the allegation is "contradicted by more specific allegations or documentary evidence" properly before the court. *L-7 Designs, Inc.*, 647 F.3d at 422.[2] The IMAs (the integrated contracts governing the

---

[2]   The IMAs between the John Doe defendants and Fairholme are properly before the Court both as documents attached to the Answer, *see e.g., L-7 Designs, Inc.*, 647 F.3d at 422, and as contracts implicitly referenced and integral to the Amended Complaint. While Plaintiff is careful not to expressly reference the IMAs, they form the very basis for his "group" theory. They govern the relationship between the parties from which he alleges, among other things, that "John Does 1 through 13 [own] ...

10

relationship between Fairholme and the John Doe defendants which reflect that Fairholme is only entitled to asset-based fees from trading in those accounts, *see* Answer Exs. A - M at Section 6, sufficiently contradict Plaintiff's assertion of a "performance based fee arrangement" between the Fairholme Defendants and the John Doe defendants.

Because the Amended Complaint fails to plausibly allege that the Fairholme Defendants derived any pecuniary benefit from John Doe defendants' trades, the Court should dismiss the Amended Complaint as against the Fairholme Defendants.

### III. DEFENDANTS DO NOT HAVE A PECUNIARY INTEREST IN THE SUBJECT SECURITIES AS A MATTER OF LAW

Asset-based fees such as those earned by Fairholme for its services managing the John Doe accounts (*see* Answer Exs. A - M at Section 6) are expressly excluded from the types of indirect pecuniary interests sufficient to trigger Section 16(b) liability. *See* 17 C.F.R. 240.16a-1(a)(2)(ii)(C) ("The term indirect pecuniary interest in any class of equity securities shall include, but not be limited to... [a] performance-related fee, *other than an asset-based fee*, received by any... investment adviser....") (emphasis added); *Strauss v. Kopp Inv. Advisors, Inc.*, No. 98-cv-7493, 1999 U.S. Dist. LEXIS 15591, *12 (S.D.N.Y. Sept. 30, 1999) ("Rule 16a-1(a)(2)(ii) lists numerous situations in which a person or institution may have an indirect pecuniary interest in securities, but it contains an express exception for asset-based fees."); *Bull & Bear U.S. Gov't Secs. Fund, Inc. v. Karpus Mgmt. Inc.*, No. 98-cv-1190, 1998 U.S. Dist.

---

brokerage trading accounts ... managed with respect to the acquisition, holding, voting and disposition of shares, by Berkowitz and Fairholme." FAC at ¶ 4; *see also id.* at ¶¶ 24, 27. As such, the Amended Complaint "relies heavily upon the documents' terms and effects." *Atlas Partners, LLC v. STMicroelectronics, Int'l N.V.*, No. 14-cv-7134, 2015 U.S. Dist. LEXIS 105597, *15 (S.D.N.Y. Aug. 10, 2015) (internal citations and quotations omitted) (finding contracts integral to complaint where they govern the contractual relationship at issue). Further, Plaintiff had actual notice of the IMAs as they were attached to Defendants' Motion to Dismiss. "[P]laintiff should not so easily be allowed to escape the consequences of its own failure" to expressly cite the IMAs. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44, 47 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim - and that they apparently most wanted to avoid - may not serve as a means of forestalling the district court's decision on the motion.").

LEXIS 10282, *5 (S.D.N.Y. July 13, 1998) ("[A]sset-based compensation alone does not constitute a pecuniary interest for Section 16 purposes."); Ownership Reports and Trading, 1991 SEC LEXIS 171, at *17 ("The rules adopted today clarify that asset-based fees do not create a pecuniary interest in the securities managed."). No additional pecuniary interest is plausibly alleged or conceivable (indeed, none exists).[3] The fees here are indisputably "asset-based" and not performance based. The language provides that Fairholme is paid only as a percentage of assets under management, not on profits. As such, Plaintiff's claims against the Fairholme Defendants fail as a matter of law.

## IV.   PLAINTIFF'S CLAIMS ARE TIME-BARRED TO THE EXTENT HE SEEKS DISGORGMENT OF PROFITS REALIZED MORE THAN TWO YEARS AGO

Plaintiff's claims against the Fairholme Defendants are time-barred to the extent he seeks disgorgement of profits realized more than two years prior to the filing of the Amended Complaint (*i.e.* profits prior to December 20, 2015) or, if the Court determines the Amended Complaint relates back to the initial Complaint, two years from the filing of the original Complaint (*i.e.* profits prior to February 2, 2015). *See* 15 U.S.C. § 78p(b); *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 223 (2012). Although Plaintiff alleges the two year limitations period can be calculated based on "when reports disclosing the violations were first filed with the Securities & Exchange Commission," FAC at ¶ 22, the Supreme Court in *Simmonds* expressly rejected this standard. *See Simmonds*, 566 U.S. at 229 ("§ 16(b)'s limitations period is not tolled until the filing of a § 16(a) statement."). Hence, if the Amended Complaint relates back to the initial Complaint, the statute of limitations would apply to preclude disgorgement for the trades alleged in paragraph 38 of the Amended Complaint.

---

[3] Further, the IMAs contain merger clauses which expressly limit Fairholme's right to any pecuniary interest beyond those expressly enumerated in the agreements. *See* Answer Exs. A - M at Section 21 ("This Agreement, including the Schedules, supersedes prior written or oral agreements between the parties, and constitutes the entire agreement between the parties, with respect to the subject matter of this Agreement.").

## Conclusion

For the reasons stated above, the Court should dismiss Plaintiff's Amended Complaint with prejudice, together with such other relief as the Court deems just and proper.

New York, New York
January 24, 2018

Respectfully submitted,

SEWARD & KISSEL LLP

By: /s/ Mark J. Hyland

Mark J. Hyland
Noah S. Czarny

One Battery Park Plaza
New York, New York 10004
(212) 574-1200

*Attorneys for Defendants Fairholme Capital Management, LLC and Bruce R. Berkowitz*

SK 22146 0001 7779911

13