No-Risk Trial   Renewals

Home

# Alan Dye's Section16.net Blog

Alan blogs weekly about Section 16 developments and practical tidbits.

Search for:

Search

Receive an email notification when this blog is updated:

Subscribe

**RECENT POSTS**

Delegation of Investment Discretion to Investment Adviser Does Not Create 13(d) Group with Adviser or its Other Advisees

Tenth Circuit Affirms Dismissal of Challenge to Tax Withholding Exemption

December 24 Will Not Be A "Business Day"

Day of Mourning not a "Business Day"

Sixth Circuit Affirms Dismissal of Pro Se Complaint in Tax Withholding Case

**ARCHIVES**

February 2019
January 2019
December 2018
November 2018
October 2018
September 2018
August 2018
July 2018
June 2018
May 2018
April 2018
March 2018
February 2018
January 2018
December 2017
November 2017
October 2017
September 2017
August 2017
July 2017
May 2017

**February 15, 2019**

### Delegation of Investment Discretion to Investment Adviser Does Not Create 13(d) Group with Adviser or its Other Advisees

A judge in the SDNY has issued a potentially significant decision regarding the circumstances under which a person who delegates investment discretion to an investment adviser will be deemed to have formed a 13(d) "group" with the adviser and/or its other advisees. See *Rubenstein v. IVA*.

The case involves a registered investment adviser that caused its advised funds and a managed account to purchase, in total, more than 10% of the common stock of DeVry Education Group. The adviser and its control persons filed a 13G reporting all of the shares purchased but did not file a Form 3 because they qualified for the RIA and control person exemptions in Rule 16a-1(a)(1)(v) and (vii). The adviser subsequently developed a control purpose regarding DeVry, resulting in loss of the Section 16 exemption, so the adviser and its control persons converted to filing on Schedule 13D and filed a Form 3. Thereafter, the managed account allegedly engaged in a short-swing trade, resulting in a profit of approximately $327,000. The plaintiff brought a 16(b) action against "John Doe," as owner of the managed account, as well as against the adviser and its control persons, alleging that John Doe was subject to Section 16 as a ten percent owner because it had formed a group with the adviser and/or the advised funds.

The defendants moved to dismiss the complaint on the ground that the investment advisory agreement between John Doe and the adviser, which merely gave the adviser investment and voting power over John Doe's account, was not an agreement relating to DeVry stock and therefore did not give rise to a group. The plaintiff countered that the investment advisory agreement related to the acquisition of whatever securities the adviser chose to purchase for the managed account, and therefore created a group regarding DeVry. The plaintiff also argued that the adviser's filing of a 13D put John Doe and the advised funds on notice that they were participants in an effort to influence control of DeVry, and that their failure to terminate the adviser's authority constituted an implied agreement to join a group.

The court rejected both arguments and dismissed the complaint. First, the court said that investors don't form a group with one another just by hiring the same investment adviser, even if the adviser causes all of them to invest in the same securities. Formation of a group requires that the members have a common objective, the court said, and Rule 13d-5(b)

- April 2017
- March 2017
- February 2017
- January 2017
- December 2016
- November 2016
- October 2016
- September 2016
- August 2016
- July 2016
- June 2016
- April 2016
- March 2016
- January 2016
- October 2015
- September 2015
- July 2015
- June 2015
- April 2015
- March 2015
- February 2015
- January 2015
- December 2014
- November 2014
- September 2014
- August 2014
- July 2014
- May 2014
- February 2014
- January 2014
- December 2013
- October 2013
- September 2013
- August 2013
- July 2013
- June 2013
- May 2013
- April 2013
- February 2013
- January 2013
- October 2012
- August 2012
- July 2012
- June 2012
- April 2012
- March 2012
- January 2012
- December 2011
- November 2011

requires that the investors agree to act together regarding the securities "of an issuer." The court interpreted this language to mean that, for a group to exist, the agreement must relate to the securities of a "particular issuer." Because John Doe did not agree to invest specifically in DeVry common stock, John Doe did not form a group with the adviser or its advised funds. The court distinguished recent cases holding that a group may exist where investment funds under common management invest in the same securities, noting that, in those cases, either the funds had common owners or the Rule 13d-5(b) issue wasn't raised by the parties.

The court gave short shrift to the argument that the filing of the 13D created a group, holding that an agreement can't be inferred where there is no allegation that the advisee was even aware of, much less agreed to, the advisers control purpose.

Posted by Alan Dye at 8:36 am
Permalink: https://www.section16.net/member/blogs/adye/2019/02/delegation-of-investment-discretion-to-investment-adviser-does-not-create-13d-group-with-adviser-or-its-other-advisees.htm

← Tenth Circuit Affirms Dismissal of Challenge to Tax Withholding Exemption | Home |