# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK J. HYLAND
PARTNER
(212) 574-1541
hyland@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

February 19, 2019

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Rubenstein v. Sears Holdings Corp. et al*, 1:17-cv-821-JPO

We represent Defendants[1] and, while hesitant to burden the Court, we feel it necessary to write to briefly address several inaccuracies in Plaintiff's letter filed on February 17, 2019.[2]

First, Plaintiff incorrectly asserts, once again, that this Court previously accepted his "group" theory in its December 11, 2017 Opinion and Order dismissing Plaintiff's original complaint against former defendants Fairholme and Mr. Berkowitz (the "Order"). Rather than restate why this representation is inaccurate, Defendants respectfully point the Court's attention to their Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Second Amended Complaint ("Reply Br.") addressing this issue. *See* Reply Br. (Dkt No. 88) at n. 1 (noting how neither the prior briefing on the original motion to dismiss nor the Court's resulting Order addressed Plaintiff's current "group" theory).

Second, the policy argument Plaintiff repeats in the last paragraph of his letter was expressly addressed and rejected by the Court in *Int'l Value Advisors*. *See Int'l Value Advisor*, 2019 U.S. Dist. LEXIS 19191 at *n.12.

Third, Plaintiff's argument concerning a sell directive previously filed (*see* Dkt. No. 18-1) by former defendants Fairholme and Mr. Berkowitz (before Defendants were sued in the Second Amended Complaint) misconstrues the directive and the Court's decision in *Int'l Value Advisors*. Plaintiff does not quote the directive because it is clearly not issuer-specific and refers

---

[1] Heinz Wiezorek and Charlotte Wiezorek have already been dismissed from the case. We do not represent nominal defendant Sears Holding Corp.

[2] Defendants note much of Plaintiff's letter strays beyond the scope of *Rubenstein v. Int'l Value Advisers*, No. 18-cv-81, 2019 U.S. Dist. LEXIS 19191 (S.D.N.Y. Feb. 5, 2019) (PAE), the decision rendered this month that Defendants' sought to bring to the Court's attention via their February 8, 2019 letter.

merely to Fairholme and Berkowitz's potential status as insiders, *not* the managed account owner's status as one. Further, notwithstanding Plaintiff's assertion to the contrary, the directive does not indicate the account owner's awareness of Berkowitz's "control purpose" vis-à-vis Sears. But even if it did, as *Int'l Value Advisors* makes clear, such awareness, without more, would still be insufficient to allege the Defendant's "agreement" to form a control group with Fairholme. *Id.* at *25-26 ("As both the *Biotechnology* court and now this Court have reasoned, the fact that an investment advisor has a particular control objective does not itself logically speak to the intentions of any of its clients, let alone warrant the inference of an agreement between the client and the advisor with respect to a particular issuer"). And to the extent Plaintiff thinks the directive somehow furthers his group theory, he could have (but did not) included any relevant allegations in his Second Amended Complaint.

Fourth, while Plaintiff's discussion of *Huppe v. WPCS Int'l, Inc.*, 670 F.3d 214 (2d Cir. 2012) appears to be more of an effort to supplement his Opposition than to address *Int' Value Advisors*, it fails because *Huppe* is irrelevant to the issues here. *Huppe* dealt with limited partners' delegation of voting rights to their general partners, not whether the defendants had entered a "group" under Rule 13d-5(b)(1).

Finally, although Plaintiff continues to argue that the law surrounding his "group" theory is unclear, the Court in *Int'l Value Advisors* disagreed. In fact, the Court stated:

> [A] complaint that asserts not more than delegation of investment authority to an investment advisor does not permit the inference of an agreement between the client and the advisor ... with respect to 'act[ing] together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer.' ... And while the Court *does not find ambiguity on this point*, if it did, the Supreme Court's admonition to adhere to section 16(b)'s 'narrowly drawn limits' would point to the same end. *See Gollust*, 501 U.S. at 122.

*Id.* at *28 (emphasis added).

Respectfully submitted,

s/ Mark J. Hyland
Mark J. Hyland

cc: Miriam Tauber, Esq., *Counsel for Plaintiff Aaron Rubenstein* (by ECF filing)
   David Lopez, Esq., *Counsel for Plaintiff Aaron Rubenstein* (by ECF filing)
   Joseph E. Floren, Esq., *Counsel for Nominal Defendant Sears Holding Corp.* (by ECF filing)

SK 22146 0021 8198847