**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand twenty.

Present:  AMALYA L. KEARSE,
          BARRINGTON D. PARKER,
          RICHARD J. SULLIVAN,
                *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 17, 2020

_____

AARON RUBENSTEIN,

     *Plaintiff-Appellant*,

    v.       19-796-cv

ROFAM INV. LLC, JOHN R. BURCH, PERCEVAL INVESTMENT PARTNERS, L.P., EVA WIEZOREK, GARY ATWELL and SUSAN ATWELL as trustees for Susan L. Atwell Revocable Trust, LARRY SOUZA and SHARON SOUZA as trustees for The Souza Family Trust, ROBERT RUBIN as trustee for Robert Rubin Revocable Trust, and JENNIFER COLL individually and as trustee for Megan B. Coll Grantor Trust and as trustee for Robert J. Coll, III Grantor Trust,

     *Defendants-Appellees*,

SEARS HOLDING CORP.,

     *Nominal Defendant-Appellee*,

HEINZ WIEZOREK and CHARLOTTE WIEZOREK,

     *Defendants*.†

---

† The Clerk of Court is directed to modify the caption to conform to the above.

| | |
|---|---|
| Appearing for Appellant: | Miriam Tauber (David Lopez, Law Office of David Lopez, Southampton, NY, *on the brief*), Miriam Tauber Law PLLC, New York, NY |
| Appearing for Appellees: | Mark J. Hyland (Noah S. Czarny, *on the brief*), Seward & Kissel LLP, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Aaron Rubenstein owns shares of Sears Holding Corporation ("Sears"). He sued clients of Fairholme Investment Management, L.L.C. ("Fairholme") under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), alleging that they had earned short-swing profits from trades in Sears stock.[1] Although those clients were not statutory insiders of Sears, Rubenstein alleged that they had formed a Section 13(d) group and inherited the insider status of their investment advisor. *See generally* 17 C.F.R. §§ 240.13d-5, 240.16a-1. The district court granted Defendants' motion to dismiss under Rule 12(b)(6), holding that Rubenstein had inadequately pleaded that the clients and their advisor formed an insider group. Specifically, the district court determined that Rubenstein had failed to allege the existence of an agreement to trade in Sears stock. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Short-swing profits are profits earned from any purchase and sale of any equity security of an issuer within any period of less than six months. 15 U.S.C. § 78p(b). Short-swing profits must be disgorged to the issuer when they are earned by certain statutorily designated insiders of the issuer. *Id.* § 78p(a), (b).

2

It is undisputed that Fairholme was a statutory insider of Sears, subject to the short-swing profit rule. The firm and its clients collectively held more than 10% of the outstanding shares of Sears common stock, and the firm's founder and chief investment officer served on the Sears board of directors from February 24, 2016 to October 31, 2017. In September 2014, Fairholme and its manager, Bruce K. Berkowitz, filed Schedule 13Ds reflecting this ownership. However, it is undisputed that Fairholme's clients were not Sears insiders. The only basis for concluding that they were subject to Section 16(b) would be to conclude that they formed a Section 13(d) group with Fairholme and its other clients. *See generally* 15 U.S.C. § 78m(d)(3). When such a group exists, each of its members is deemed to be the owner of all shares owned by other group members. 17 C.F.R. § 240.13d-5(b)(1).

To plead the existence of a Section 13(d) group, Rubenstein was required to allege that the clients and their advisor "agree[d] to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer." *Id.* In this case, the only "agreements" Rubenstein points to were investment management agreements between Fairholme and its clients. Pursuant to those agreements, the firm's clients delegated discretionary investment authority to Fairholme. At some point after the agreements were signed, Fairholme executed short-swing trades in Sears stock on its clients' behalf. However, the agreements that authorized those trades were general investment advisory agreements and were not specific to Sears. The agreements delegated discretionary trading authority to Fairholme without mentioning any particular issuer in whose stock Fairholme was expected to trade. This is insufficient to form a Section 13(d) group. As we make clear in our opinion filed today in *Rubenstein v. International Value Advisers, LLC*, No. 19-560, which was argued in tandem with the present appeal, an agreement, including an investment management agreement, must be issuer-specific before it can

3

give rise to group liability. Accordingly, Defendants-Appellees did not become members of an insider group subject to Section 16(b). *See Rubenstein v. Int'l Value Advisers, LLC*, No. 19-560, slip op. at 23 (2d Cir. May 19, 2020).

As an alternative theory of liability, Rubenstein argues that Defendants-Appellees became members of an insider group when Fairholme appointed or "deputized" a director on Sears's board. Although deputization of a director may render an individual a statutory insider, *Blau v. Lehman*, 368 U.S. 403, 408-10 (1962), Rubenstein does not allege that Fairholme's clients agreed to or were even aware of the deputization. His complaint, therefore, fails to allege the prerequisites of a group agreement. *See Rubenstein*, No. 19-560, slip op. at 22.

As a third theory of group liability, Rubenstein points to Fairholme's filing of a Schedule 13D with the SEC, which disclosed the firm's status as a Sears insider. He contends that Fairholme's clients entered an implicit agreement to trade in Sears stock when Fairholme filed its Schedule 13D and its clients failed to modify or withdraw from their investment management agreements. This theory would impose sweeping liability on investors that is not authorized by the securities laws. The theory is constructed on unconstrained speculation about the knowledge and intent of Fairholme's clients. It would, for example, sweep into an insider group even those clients who had not seen Fairholme's Schedule 13D and were entirely unaware of the holdings of Fairholme's other clients. In any event, this speculative theory of implied agreement does not satisfy the requirements of Section 13(d) and is not a basis for Section 16(b) liability. *See id.* at 20.

4

1    In sum, because he has not alleged the existence of an agreement to trade in the securities
2    of a particular issuer, Rubenstein, as the district court correctly concluded, has failed to state a
3    claim under Section 16(b). *See id.* at 23. We have considered the remainder of Rubenstein's
4    arguments and find them to be without merit. Accordingly, the order of the district court is
5    **AFFIRMED**.

6

7    FOR THE COURT:
8    Catherine O'Hagan Wolfe, Clerk
9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5